IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOY VITIRITTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  09 CV 7792 |
| v. | ) | |
| | ) | Judge Matthew Kennelly |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY, AND COOK COUNTY, | ) | |
| ILLINOIS | ) | |
| Defendant. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

**NOW COME** Defendants, Sheriff Thomas Dart and Cook County, by and

through their attorney, Anita Alvarez, State's Attorney of Cook County, through her

Assistant State's Attorney, Patrick S. Smith, pursuant to Fed. R. Civ. P. 12(b)(6) moves

this Honorable Court to dismiss Plaintiff's Complaint against them for failure to state a

claim upon which relief can be granted.  In support thereof, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff brings this action under the Civil Rights Act, Title 42, Section 1983 of

the United States Code, based upon alleged incidents occurring between March 7th, 2007

and March 13th, 2007.  Plaintiff alleges that she was shackled during and after giving

birth while at Stroger Hospital.  (Complaint, Doc. 1 ¶ 11-16).  Plaintiff filed her

complaint on December 15th, 2009, alleging that she is a member of the class proposed

in Zabrowski v. Sheriff of Cook County, 08 CV 6946 (N.D.Ill. Filed Dec. 4th 2008)

[Doc. 26].  The motion for class certification in Zabrowski v. Sheriff of Cook County,

was filed on June 15th, 2009. [Doc. 26] For the reasons stated below, this claim should be dismissed pursuant to Fed. R. Civ. P 12(b)(6).

## II. STANDARD OF REVIEW

A complaint should be dismissed when the plaintiff does not allege, "'enough facts to state a claim to relief that is plausible on its face,' and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." Bissessur v. Ind. Univ. Bd. of Trs., 581 F.3d 599 (7th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937 (2008)). When reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. Gomez v. Illinois State Bd. Of Ed., 811 F.2d 1030, 1039 (7th Cir. 1987). The court should view the well-pleaded factual allegations, along with reasonable inferences drawn from them, in the light most favorable to the plaintiff. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). While a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. Hishon 467 U.S. at 73. The court should also consider that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998).

## III. ARGUMENT

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE HER CLAIM IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

The Court in Diaz v. Shallbetter, stated that, "every constitutional tort actionable under Section 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted." Diaz v. Shallbetter, 984 F.2d 850, 855 (7th Cir. 1993). Section 1983

claims are subject to the statute of limitations of the state in which the injury occurred.

Kelly v. City of Chicago, 4 F.3d 509, 510 (7th Cir. 1993).  "Illinois has a two-year statute

of limitations for personal injury claims . . . and that this is the period to apply to a

Section 1983 case."  Heilman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004);  *See* 735 ILCS

5/13-202.

In United Airlines, Inc. v. McDonald, the Supreme Court held that the statute of

limitations for an individual claim tolls while class certification is pending.  United

Airlines v. McDonald, 432 U.S. 385 (1977).  The Court interpreted the Federal Rules of

Civil Procedure to "permit a federal statute of limitations to be tolled between the filing

of an asserted class action and the denial of class certification."  American Pipe &

Construction Co. v. Utah, 414 U.S. 538 (1974).

In United Airlines, the relevant statute of limitations had not expired by

commencement of the class certification procedures.  United Airlines, 432 U.S. at 394.

However, in the current case, the relevant statute of limitations had expired before class

certification was sought.  Plaintiff's cause of action allegedly occurred between March

7th and 13th of 2007.  [Doc. 1].  The statute of limitations in the current case required

that the motion for class certification be filed by March 13th 2009 in order for Plaintiff to

be included in said class.  The motion for class certification in Zabrowski v. Sheriff of

Cook County was filed June 15th 2009, more than two years after the cause of action

occurred in the current matter.  Zabrowski v. Sheriff of Cook County, 08 CV 6946

(N.D.Ill. Dkt. No. 26 Filed Dec. 4th 2008)[Doc. 26].  The motion for class certification

was filed well after the two year statute of limitations had run for the current matter, and

this is fatal to Plaintiff's Section 1983 claim.  Plaintiff cannot be a member of the

proposed class because her statute of limitations had expired by the time class certification was sought.  Even though class certification was denied and is pending appeal in <u>Zabrowski v. Sheriff of Cook County</u>, the statute of limitations for our Plaintiff's cause of action has expired.

Because of the aforementioned reasons, Plaintiff's claim is time-barred and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendants Thomas Dart and Cook County respectfully request that this Court dismiss Plaintiff's complaint.  Defendants also move for attorney fees and cost of bringing this motion to dismiss Plaintiff's complaint.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Il 60602
(312) 603-1422