IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joy Vitiritti, )<br>)<br>    *Plaintiff,* )<br>  -*vs*- )<br>)<br>Thomas J. Dart, Sheriff of Cook )<br>County, and Cook County, Illinois )<br>)<br>    *Defendants*. ) | No. 09 CV 7792<br><br>*(Judge Kennelly)* |

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Now before the Court is defendants' motion to dismiss on statute of limitation grounds. This motion is frivolous and should be denied.

Plaintiff seeks damages for having been shackled during labor and delivery in March of 2007. Plaintiff filed this action on December 15, 2009 and specifically alleged in paragraph 2 of her complaint that she is "among the persons included with[in] the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

*Zaborowski* was filed as a class action on December 4, 2008. Paragraph 19 of the *Zaborowski* complaint states as follows:

>Plaintiffs bring this action individually and for all women in the custody of defendant Sheriff who, in the two year period preceding the filing of this lawsuit, were shackled during labor and after delivery. The proposed class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and class certification is appropriate under Rule 23(b)(3).

The district court refused to allow *Zaborowski* to proceed as a class action in an order entered on December 9, 2009. (A petition for permission to appeal under Rule 23(f) of the Federal Rules of Civil Procedure is pending before the Court of Appeals as No. 09-8049.)

In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) the Court held that the "commencement of the original class suit tolls the running of the statute for all purported members of the class." *Id.* at 553. *American Pipe* considered tolling only for "purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." 414 U.S. at 553. Thereafter, in *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983), the Court extended this rule to purported members of the class who file independent actions after the denial of class status

Under *American Pipe*, the statute of limitations on plaintiff's claim was tolled from December 4, 2008 (the date the complaint in *Zaborowski* was filed) to December 9, 2009 (when the motion for class certification in *Zaborowski* was denied). This tolling means that plaintiff's complaint was

timely filed within the two year statute of limitations applicable to Section 1983 claims in Illinois.

Defendants base their motion to dismiss on the theory that tolling under *American Pipe* does not start until the plaintiff moves for class certification. (Def.Mem. 3-4.) Defendants' theory is inconsistent with *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983). There, a discrimination case had been filed in September of 1978; the plaintiffs moved for class certification in May of 1979, and the district court denied the motion on September 4, 1980. *Id.* at 347. Thereafter, "within 90 days after the denial of class certification but almost two years after receiving his Notice of Right to Sue," 462 U.S. at 348, Parker, a member of the putative class, filed an individual action. The district court held that Parker's action was time-barred and the court of appeals reversed. The Supreme Court held that the action was timely and that the statute of limitations had been tolled by the filing of the case in 1978:

> "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." [*American Pipe & Construction Co. v. Utah,*] 414 U.S., at 554. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

*Crown, Cork & Seal Co.,* 462 U.S. at 353-54.

Any argument that the initial complaint in *Zaborowski* did not give notice that the case was a class action is foreclosed by the decision of the Seventh Circuit in *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008). There, the Court of Appeals upheld a ruling by this Court that tolling under *American Pipe* begins with the filing of the complaint and applies to amendments which relate back under Rule 15(c)(1)(B):

> The County also contends that the second amended complaint should not have been allowed because the class claims do not "relate back" to Arreola's initial complaint. It reasons that the unnamed putative class members are time-barred under the class action tolling doctrine established by *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345(1983). But the district court addressed this point, finding that relation back is appropriate here because "it has been clear from the outset, even from the pro se complaint, that Mr. Arreola was challenging the same policy that is at issue in the class action claim." Under Rule 15(c)(1)(B), nothing more is required. That rule provides that an amended pleading relates back to the date of the original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." (We note as well that although the amended pleading changed the potential group of plaintiffs in the case, it did not change the party or the naming of the party *against whom* the claim was asserted, and thus there is no problem under Rule 15(c)(1)(C).) The district court did not abuse its discretion in finding relation back to be appropriate here.

*Arreola*, 546 F.3d at 796.

The States' Attorney of Cook County represented the defendants in *Arreola*.

The Court should therefore deny defendant's motion to dismiss.

Respectfully submitted,

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

*an attorney for plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick S. Smith, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)