IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Joy Vitiritti, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  09 CV 7792 |
| v. | ) | |
| | ) | Judge Matthew Kennelly |
| Thomas J. Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF THEIR MOTION TO DISMISS

**NOW COME** Defendants, Sheriff Thomas Dart and Cook County, by and through their attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Patrick S. Smith, and submit this memorandum in reply to Plaintiff's Response Memorandum to Defendants' Motion to Dismiss (Doc. 16):

### INTRODUCTION

Plaintiff Joy Vitiritti alleges that, when she was pregnant and in the custody of Defendant Sheriff, she was illegally shackled to her hospital bed before and after the birth of her child. Plaintiff's alleged cause of action accrued as late as March 13, 2007.  (Compl., Doc. 1 ¶ 16.) Plaintiff brings her claim under Title 42 United States Code, Section 1983.  (Compl., Doc. 1 ¶ 1.)

Section 1983 claims are subject to the statute of limitations of the state in which the injury occurred.  Kelly v. City of Chicago, 4 F.3d 509, 510 (7th Cir. 1993).  "Illinois has a two-year statute of limitations for personal injury claims . . . and that this is the period to apply to a Section 1983 case." Heilman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004); *See* 735 ILCS 5/13-

202.  Thus, absent any tolling or other reason to permit delay, Plaintiff's claim expired on March

13, 2009.  Plaintiff initiated this action on December 15, 2009.

In her Response to Defandants' Motion to Dismiss, Plaintiff claims that the tolling

doctrine of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), as extended by

*Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), permitted the tolling of her claim while

the class-action status of her claim was pending in a similar case.

In response to Defendant's Motion to Dismiss, Plaintiff's counsel threatened, in open

court and in correspondence, to bring a motion for sanctions against Defense counsel under Fed.

R. Civ. P. 11.  Plaintiff's counsel have since withdrawn their threat without making any motion.

Plaintiff's counsel should be cautioned that threats of sanctions should be reserved only for

frivolous filings for which there is no legal basis; Rule 11 does not prohibit legitimate disputes

about the status of a case.

## ARGUMENT

### I.  Neither the Complaint nor the Amended Complaint in *Zaborowski* "commenced" a class action.

In *American Pipe & Constr. Co. v. Utah*, the Supreme Court held that "the

*commencement* of the original class suit tolls the running of the statute [of limitations] for all

purported members of the class who make timely motions to intervene after the [district] court

has found the suit inappropriate for class action status."  414 U.S. 538, 553 (1974) (emphasis

added).  Later, in *Crown, Cork & Seal Co. v. Parker*, the Court extended that rule to also cover

purported class members who file their own actions, rather than intervene in the original action.

462 U.S. 345, 350 (1983).  The Court tied the start of tolling to the "commencement" of the class

action; it did not establish a *per se* rule that a complaint with barebones class action allegations

automatically triggers tolling.

Plaintiff Vitiritti here claims that she was a member of the purported class in *Zaborowski, et al., v. Sherif of Cook County*, 08cv6946, (N.D. Ill. Filed Dec. 4, 2008). Zaborowski and her co-plaintiff made allegations of pre-natal shackling, similar to Plaintiff Vitiritti's, by the same Defendant Sheriff. The Complaint in *Zaborowski* was filed on December 4, 2008. Zaborowski's Amended Complaint was filed January 28, 2009. Finally, Zaborowski's Motion for Class Certification was filed on June 15, 2009—more than three months *after* Plaintiff Vitiritti's two-year clock expired, and 193 days after the initial complaint was filed in *Zaborowski* (the motion for class certification was denied by Judge St. Eve on December 9, 2009).

The only question relevant to Defendants' Motion to Dismiss is whether the Complaint (or the Amended Complaint) in *Zaborowski* "commenced" the class action. If they did not "commence" the class action, then Plaintiff Vitiritti's suit is time-barred because *American Pipe* tolling did not begin until Zaborowski's Motion for Class Certification was filed on June 15, 2009, three months after Plaintiff Vitiritti's claim expired.

In order to "commence" a class action using the complaint alone, the complaint must satisfy the requirements of Fed. R. Civ. P. 23. Courts have held that the complaint must allege specific facts demonstrating that the requirements for a class have been or can be fulfilled. 5-23 Moore's Federal Practice - Civil § 23.61[1]. The court in *Stambaugh v. Kansas Dep't of Corr.* held that in order for a complaint to be considered a class-action complaint, the complaint needs to allege facts sufficient to show satisfaction of Rule 23. 151 F.R.D. 664, 672 (D. Kan. 1993). The Sixth Circuit in *In re Am. Med. Sys., Inc.* held that merely repeating the language of Rule 23(a) is insufficient to commence a class action. 75 F.3d 1069, 1079 (6th Cir. 1996). Conclusory pleading is insufficient to create a class action. *Id.*; *See Bostron v. Apfel*, 182 F.R.D.

188, 196 (D. Md. 1998)  (Plaintiffs must plead the existence of a class and allege sufficient facts to that effect.).

The Complaint in *Zaborowski* was deficient in claiming class certification.  Either a well-pleaded complaint or a motion for class certification was needed to commence the class action and toll the statute of limitations for Plaintiff Vitiritti.  *Stambaugh v. Kansas Dep't of Corr.* 151 F.R.D. at 672  The *Zaborowski* Complaint is deficient in that it contains no language pertaining to class status other than the conclusory statements buried at the bottom of the document. (Compl. ¶ 19).  The Sixth Circuit has ruled that this type of conclusory pleading is insufficient to commence a class action.  *See In re Am. Med. Sys., Inc.* 75 F.3d 1069.  "Where factual allegations appear to support the inference of the existence of a class, a court can find Rule 23 satisfied without the necessity that its criteria be specified on the face of the complaint. However, where the complaint merely alleges in conclusory fashion that the Rule 23 prerequisites have been met, the court cannot make such a determination." *Batsakis v. FDIC*, 670 F. Supp. 749, 757-758 (W.D. Mich. 1987) (citing *Peak*, 78 F.R.D. at 83)).

Because further factual allegations were necessary for the *Zaborowski* plaintiffs to state a valid Rule 23 allegation, neither the Complaint nor the Amended Complaint commenced the class action.  In order to commence tolling of the statute of limitations in *Vitiritti*, and provide sufficient notice of Plaintiffs' intention to move forward as a class, the deficient complaint needed to be perfected.  The deficient complaint was not perfected until the Motion for Class certification was filed, which came 193 days later.

## II.     Pleadings of conclusory allegations unduly prejudice Defendants.

Allowing the statute of limitations to toll when Plaintiff merely recites Fed. R. Civ. P. 23(a) language would unfairly prejudice the Defendants in this case and defendants in many other

cases.  When preparing a defense, the defendant needs to know whether the plaintiff seriously intends to proceed with a class action.  Otherwise Defendants will waste valuable time and taxpayer resources preparing for class claims that are never perfected, properly presented, or pursued at all.

The Third Circuit expressed concern in *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation* that the threat of a class action, without sufficient basis could lead to "legalized blackmail."  55 F.3d 768, 784-85 (3d Cir. 1995).  The court stated that due to the high costs of defending a costly class action suit, plaintiffs could use the threat of such a suit to force defendants to settle cases "far in excess of what the individual claims are actually worth."  *Id.* at 785.  The Third Circuit further stated that "the Requirement in Rule 23(c) that the court decide certification motions 'as soon as practicable' aims to reduce even further the possibility that either party could use the ill-founded threat of a class action to control negotiations."  *Id.*  Due to this reason, the procedural formality of deciding on motion certification "as soon as practicable" as required of Fed. R. Civ. P. 23 pleading is of utmost importance.  *Id.*

Some courts have remedied the problem of allowing plaintiffs to delay in filing any class motions to the detriment of defendants by placing either a statutory or court-imposed deadline to file a motion for class certification.  *See Burkhalter v. Montgomery Ward* 676 F.2d 291, 294 (8th Cir. 1982) (two-and-a-half month deadline to file a motion for class certification is reasonable); *Wilson v. Seven Seventeen HB Philadelphia Corp.*, 2001 U.S. Dist. LEXIS 5470 (E.D. Pa. 2001) (courts have a duty under Rule 23 to fix a time limit for class determination).  The Eastern District of Pennsylvania imposes a 90 day statutory deadline to file a motion for class certification after the language is inserted into the complaint.  Pa. R. Civ. P. 23. 1(c).  Pa. Rule

23.1 provides in relevant part that, "within 90 days after the filing of a complaint in a class

action, unless this period is extended on motion of good cause appearing, the plaintiff shall move

for a determination under subdivision (c)(1) of Fed. R. Civ. P. 23, as to whether the case is to be

maintained as a class action." Pa. R. Civ. P. 23. 1(c).

     Plaintiffs should not be allowed to toll the statute of limitations be merely reciting Rule

23(a) language, because it would unduly prejudice Defendants in both this case and others, due

to Defendants not knowing whether or not Plaintiff seriously intends to proceed as a class action.

**III.    Plaintiff's reliance on *Arreola* is not helpful to the case at bar because the complaints are both defective for class purposes, regardless of whether relation back is proper.**

     Plaintiff relies heavily on the decision in *Arreola v. Godinez,* 536 F.3d 788 (7th Cir.

2008) to assert that tolling is proper in the case at bar.  Plaintiff asserts that the Amended

Complaint in *Zaborowski* related back to the time the original Complaint was filed because such

relation back was proper in *Arreola*.  (Doc. 16).  This argument, however, is not relevant to the

case at bar.  In *Arreola* the plaintiff was permitted to file an amended complaint two years after

the initial complaint due to the shortcomings of the plaintiff's initial court-appointed counsel; the

amended complaint properly asserted class claims.  *Id.* at 796.  After new counsel was appointed

for Mr. Arreola, there were no more delays in the filing of relevant documents.  *Id.*  The Seventh

Circuit held that because the delays were due to Mr. Arreola's insufficient original counsel,

through no fault of his own, that he should be entitled to file a proper amended complaint even

though two years had passed from the filing of the original complaint.  *Id.*

     *Arreola* is distinguishable from the case at bar because the Defendants here do not argue

that the amended complaint in *Zaborowski* does not relate back to the original complaint; rather,

neither complaint is sufficient to commence tolling of the statute of limitations in this case due to

the defectiveness of the *Zaborowski* complaints themselves.  Both the Complaint and the Amended Complaint in *Zaborowski* contain class language.  *Zaborowski et al. v. Sheriff of Cook County*, 08cv6946, (N.D. Ill. Filed Dec. 4, 2008)[Doc. 1 ¶ 19; Doc. 13 ¶ 22].   But, as noted above, this language is nothing more than conclusory statements and recitation of Fed. R. Civ. P. 23(a) language, which is insufficient to commence tolling of *Vitiritti's* statute of limitations. 08cv6946, [Doc. 1 ¶ 19; Doc. 13 ¶ 22].  Defendants acknowledge that the Motion for Class certification was sufficient to commence tolling, but said Motion was filed 193 days after the filing of the original complaint, three months after the statute of limitations had run for *Vitiritti*. Whether the Zaborowski's Amended Complaint relates back to the original Complaint is not at issue here.


For the reasons outlined here, and in Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 12), Defendants ask this honorable court to dismiss Plaintiff's Complaint. Defendants also move for attorney fees and cost of bringing this motion to dismiss Plaintiff's complaint.


Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Il 60602
(312) 603-1422