IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Joy Vitiritti | ) | |
|     *Plaintiff,* | ) ) | |
|   -*vs*- | ) ) | No. 09 CV 7792 |
| Thomas J. Dart, Sheriff of Cook County, and Cook County, Illinois | ) ) ) | *(Judge Kennelly)* |
|     *Defendants.* | ) ) | |

## MOTION FOR SANCTIONS

Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, plaintiff, by counsel, moves the Court to impose appropriate sanctions on the States' Attorney of Cook County for the filing of defendants' motion to dismiss on statute of limitation grounds.

Grounds for this motion are as follows:

1.    Plaintiff seeks damages from defendants for having been shackled during labor and delivery in March of 2007.

2.    Plaintiff is included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County,* 08 CV 6946.

3.    The two named plaintiffs in *Zaborowski* filed their complaint on December 4, 2008. The district court refused to allow *Zaborowski* to proceed as a class action in an order entered on December 9, 2009. (A petition for permission to appeal under Rule 23(f)

of the Federal Rules of Civil Procedure is pending before the Court of Appeals as No. 09-8049.)

4. Plaintiff commenced this action on December 15, 2009.

5. Defendants, represented by the Office of the State's Attorney of Cook County, have moved to dismiss the case on statute of limitations grounds.

6. Defendants acknowledge the holding of *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974) that the "commencement of the original class suit tolls the running of the statute for all purported members of the class."[1] *Id.* at 553.

7. Under *American Pipe,* the statute of limitations on plaintiff's claim was tolled from December 4, 2008 (the date the complaint in *Zaborowski* was filed) to December 9, 2009 (when the motion for class certification in *Zaborowski* was denied). This tolling means that plaintiff's complaint was filed within the two year statute of limitations applicable to Section 1983 claims in Illinois.

---

[1] *American Pipe* considered tolling only for "purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." 414 U.S. at 553. In *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345 (1983), the Court extended this rule to class members who file independent actions after the denial of class action status.

8. Defendants base their motion to dismiss on the theory that tolling under *American Pipe* does not start until the plaintiff moves for class certification. (Def.Mem. 3-4.)

9. Defendants' theory is inconsistent with *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345 (1983). There, a discrimination case had been filed in September of 1978; the plaintiffs moved for class certification in May of 1979, and the district court denied the motion on September 4, 1980. *Id.* at 347. Thereafter, "within 90 days after the denial of class certification but almost two years after receiving his Notice of Right to Sue," 462 U.S. at 348, Parker, a member of the putative class, filed an individual action. The district court held that Parker's action was time-barred and the court of appeals reversed. The Supreme Court held that the action was timely and that the statute of limitations had been tolled by the filing of the case in 1978:

> "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." [*American Pipe & Construction Co. v. Utah*,] 414 U.S., at 554. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.
>
> *Crown, Cork & Seal Co.,* 462 U.S. at 353-54.

10. Any argument that the initial complaint in *Zaborowski* did not give notice that the case was a class action is foreclosed by the decision of the Seventh Circuit in *Arreola v. Godinez,* 546 F.3d 788 (7th Cir. 2008). There, the Court of Appeals upheld a ruling by this Court that tolling under *American Pipe* begins with the filing of the complaint and applies to amendments which relate back under Rule 15(c)(1)(B):

> The County also contends that the second amended complaint should not have been allowed because the class claims do not "relate back" to Arreola's initial complaint. It reasons that the unnamed putative class members are time-barred under the class action tolling doctrine established by *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974), and *Crown Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345(1983). But the district court addressed this point, finding that relation back is appropriate here because "it has been clear from the outset, even from the pro se complaint, that Mr. Arreola was challenging the same policy that is at issue in the class action claim." Under Rule 15(c)(1)(B), nothing more is required. That rule provides that an amended pleading relates back to the date of the original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." (We note as well that although the amended pleading changed the potential group of plaintiffs in the case, it did not change the party or the naming of the party *against whom* the claim was asserted, and thus there is no problem under Rule 15(c)(1)(C).) The district court did not abuse its discretion in finding relation back to be appropriate here.

*Arreola,* 546 F.3d at 796.

11. Paragraph 19 of the initial complaint in *Zaborowski* (attached as Exhibit 1), made plain that plaintiffs were seeking relief for a class:

> 19. Plaintiffs bring this action individually and for all women in the custody of defendant Sheriff who, in the two year period preceding the filing of this lawsuit, were shackled during labor and after delivery. The proposed class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and class certification is appropriate under Rule 23(b)(3).

12. The States' Attorney of Cook County represented the defendants in *Arreola*.

13. Plaintiffs have reminded defense counsel of the *Arreola* decision and requested counsel to withdraw the motion to dismiss. Defense counsel responded to this request by citing cases dealing with the evidentiary showing required to secure class certification.

Sanctions are appropriate because defendants have persisted in their meritless theory that cannot be accepted without overruling *Arreola* and *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345 (1983).

                          Respectfully submitted,

            /s/ <u>Kenneth N. Flaxman</u>
                Kenneth N. Flaxman
                ARDC 0830399
                200 S. Michigan, Ste 1240
                Chicago, IL. 60604-2430
                (312) 427-3200

                *an attorney for plaintiff*

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
|  | FILED: DECEMBER 04, 2008 |
|  | 08CV6946 |
| Catherine Zaborowski and ) | JUDGE ST. EVE |
| Simone Jackson, individually and on ) | MAGISTRATE JUDGE VALDEZ |
| behalf of a class, ) | BR |
| ) |  |
| *Plaintiffs,* ) |  |
| ) | No. 08 CV _____ |
| -*vs*- ) |  |
| ) |  |
| Sheriff of Cook County and ) | *(jury demand)* |
| Cook County, Illinois ) |  |
| ) |  |
| *Defendants.* ) |  |

## COMPLAINT

Plaintiffs complain about defendants' policy to shackle women during childbirth and, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S. C. §1343.

2. Plaintiffs Catherine Zaborowski and Simone Jackson are residents of the Northern District of Illinois. As set out below with greater specificity, each plaintiff was in the custody of the Sheriff of Cook County immediately before and immediately after she gave birth at Stroger Hospital.

1



3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only; the County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4. Plaintiff Zaborowski entered the Cook County Jail on June 3, 2008; plaintiff Jackson entered the Jail on November 23, 2007.

5. Each plaintiff was pregnant when she entered the jail.

6. Pursuant to the policies of defendant Sheriff, each plaintiff was transferred from the Jail to the Sheriff's "MOM's" program, an off-site, residential treatment program run by the Haymarket Center.

7. Plaintiff Zaborowski went into labor on August 29, 2008 and was taken by a counselor from the Haymarket Center to Stroger Hospital. Zaborowski was not handcuffed or otherwise restrained while she was being taken to the hospital.

8. Following her arrival at Stroger Hospital, and in accordance with the policies of defendants, deputy sheriffs shackled plaintiff Zaborowski hand and foot to a hospital bed.

9. Plaintiff Zaborowski remained shackled hand and foot to the hospital bed for about eleven hours while she was in labor. An armed deputy sheriff remained in the hospital room while plaintiff was in labor.

2



10. Immediately before the birth, the attending physician requested the deputy sheriff to unshackle plaintiff Zaborowski's foot. The deputy complied with this request and Zaborowski was shackled to the bed by one arm when she delivered her child at about 8:15 a.m. on August 30, 2008.

11. In accordance with the policies of defendants, the deputy sheriff re-shackled plaintiff Zaborowski's foot about an hour after the birth.

12. Plaintiff Zaborowski remained at Stroger Hospital until the evening of the next day, September 1, 2008. During this period, and as required by defendants' policies, Zaborowski was shackled hand and foot to the hospital bed and was not permitted to use the toilet or to get up from the bed to walk

13. Plaintiff Jackson went into labor on May 3, 2008 and was taken by her counselor from the Haymarket Center to Stroger Hospital. Jackson was not handcuffed or otherwise restrained while she was being taken to the hospital.

14. Following her arrival at Stroger Hospital, and in accordance with the policies of defendants, deputy sheriffs shackled plaintiff Jackson hand and foot to a hospital bed.

3

15. Plaintiff Jackson remained shackled hand and foot to the hospital bed while she was in labor and during birth. An armed deputy sheriff remained in the hospital room while plaintiff was in labor and was present when plaintiff delivered her child while shackled.

16. Plaintiff Jackson remained at Stroger Hospital for about four days. During this period, and as required by defendants' policies, Jackson was shackled hand and foot to the hospital bed and was not permitted to use the toilet or to get up from the bed to walk.

17. Each plaintiff was deprived of rights secured by the Fourth, Eighth, and Fourteenth Amendment to the Constitution of the United States by defendants' above described shackling policy.

18. As a direct and proximate result of defendants' shackling policy, plaintiffs and all other persons subjected to the above referred policy were unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

19. Plaintiffs bring this action individually and for all women in the custody of defendant Sheriff who, in the two year period preceding the filing of this lawsuit, were shackled during labor and after delivery. The proposed

4

class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and class certification is appropriate under Rule 23(b)(3).

20. Plaintiffs hereby demand trial by jury.

Wherefore plaintiffs request that judgment be entered in their favor and in favor of the proposed class, and that plaintiffs and each class member receive compensatory damages in an amount in excess of one hundred thousand dollars, and that the Court grant whatsoever other relief as may be appropriate.

/s/ Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Il. 60643
(773)-233-7900

Kenneth N. Flaxman
200 S. South Michigan
Suite 1240
Chicago, Il. 60604-2430
(312) 427-3200

*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2010, I served a copy of the foregoing by email to ASA Patrick Stephen Smith at pasmith@cookcountygov.com and by telefax to ASA Smith at (312) 603-3000.

/s/ Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)
*an attorney for plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick S. Smith, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)