IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOY VITIRITTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CV 7792 |
| v. ) | |
| ) | Judge Matthew Kennelly |
| THOMAS J. DART, SHERIFF OF COOK ) | |
| COUNTY, AND COOK COUNTY, ) | |
| ILLINOIS ) | |
| Defendant. ) | |

**DEFENDANTS' INITIAL RESPONSE TO PLAINTIFF'S**
**DEFECTIVE MOTION FOR SANCTIONS**

**NOW COME** Defendants, Thomas Dart and Cook County, by and through their attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Patrick S. Smith, and moves this Honorable Court to Deny Plaintiff's Motion for Sanctions. In support, Defendants state the following:

**INTRODUCTION**

In response to Defendants' Motion to Dismiss (Doc. 12), Plaintiff filed the instant Motion for Sanctions (Doc. 19), purportedly under Fed. R. Civ. P. 11(c). The Motion to Dismiss is already fully briefed and ripe for decision. Plaintiff's Motion for Sanctions should be denied for failure to comply with the requirements of Rule 11.

**ARGUMENT**

Plaintiff's Motion is Without Merit Because Defendants Have Not Violated Rule 11

Federal Rule of Civil Procedure 11 permits sanctions against a party, or that party's counsel, when the party files a "pleading, written motion, or other paper" that violates the conduct prohibited by Rule 11(b). In relevant part, Rule 11(b) requires that the person filing a

1

paper certify "that to the best of the person's knowledge, information, and belief . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . ."

Plaintiff misunderstands the scope and purpose of Rule 11 sanctions. "[T]he purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). As explained in greater detail in Defendants' memorandum in support of their Motion to Dismiss (Doc. 13) and reply memorandum (Doc. 17), there are ample case-law authorities and policy arguments supporting the Motion to Dismiss.

Plaintiff, in support of her Motion for Sanctions, relies on three cases (*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983); *Arreola v. Godinez,* 536 F.3d 788 (7th Cir. 2008)), all of which are addressed and distinguished by Defendants' memoranda. While Plaintiff's counsel may disagree with Defendants' interpretations of the cases, and Defendants' contrary authorities and arguments, the proper venue for such disagreement is in a memoranda opposing the Motion to Dismiss. Indeed, Plaintiff's Motion for Sanctions includes substantial text copied verbatim from her own memorandum in response to the Motion to Dismiss. (*Compare* Doc. 16 *with* Doc. 19.)

Plaintiff accuses Defendants of relying on a "meritless theory" of statute of limitations tolling, but have never yet articulated *how* the Defendants' theory – which suggests that a barebones recitation of Rule 23's elements is insufficient to "commence" a class action for the purpose of securing statute of limitations tolling for purported class members – is meritless. In memoranda filed with the Court and in letters to Plaintiff's counsel regarding this Motion for Sanctions, Defendants have cited numerous authorities that indicate mere recitation of Rule 23 is

insufficient to "commence" a class. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (conclusory pleading insufficient to create a class action); *Bostron v. Apfel*, 182 F.R.D. 188, 196 (D. Md. 1998) (plaintiffs must plead the existence of a class and allege sufficient facts to that effect); *Stambaugh v. Kansas Dep't of Corr.*, 151 F.R.D. 664, 672 (D. Kan. 1993) (to be a class-action complaint, the complaint needs to allege facts sufficient to show satisfaction of Rule 23); 5-23 Moore's Federal Practice - Civil § 23.61[1].

This is clearly not a case in which the Defendants have failed to do the necessary research. *Cf. National Survival Game, Inc. v. Skirmish, U.S.A., Inc.*, 603 F. Supp. 339, 342 (S.D.N.Y. 1985) (defendants failed to conduct a "reasonable inquiry," as required by Rule 11, when they failed to cite single case or authority in support of their motion to dismiss). This is a case in which the parties disagree over when the class action in *Zaborowski v. Sheriff of Cook County*, 08cv6946 (N.D. Ill. Pending) "commenced."

As explained in greater detail in Defendants' memoranda regarding the Motion to Dismiss, *American Pipe* and *Crown Cork* are not dead or inapplicable; they merely offer no help in answering the question, "when did the class action 'commence'?" Once the class action is "commenced," there is no dispute that *American Pipe* and *Crown Cork* trigger tolling. But if there is no "commencement" of the class action, then there is no tolling. Defendants have raised legitimate, nonfrivolous grounds in favor of their Motion to Dismiss; if the Plaintiff's counsel does not like the arguments advanced by Defendants, then the proper avenue is to respond to the Motion to Dismiss, not file a heavy-handed Motions for Sanctions in the hope that Defendants will withdraw their motion.

Further, Plaintiff's Motion for Sanctions *itself* outlines Defendants' permissible activity. Even if Defendants were arguing for an overruling of *American Pipe*, *Crown Cork*, or *Arreola*,

that activity is not prohibited by Rule 11. Plaintiff's Motion for Sanctions argues that "sanctions are appropriate because defendants have persisted in their meritless theory that cannot be accepted without overruling *Arreola* and *Crown, Cork & Seal*. . ." (Doc. 16 at 6.) Yet, Rule 11 specifically protects litigants' right to argue that past precedents should be changed or overruled. *See* FRCP 11(b)(2) (permitting "nonfrivolous argument for extending, modifying, or *reversing* existing law" (emphasis added)). To think otherwise would prevent any attorney from ever arguing that past cases are bad law and should be scrapped.

Plaintiff's counsel commit this same error in each allegation of the Motion for Sanctions. (*See* Doc. 16 at 3 ("Defendant's theory is inconsistent with *Crown, Cork & Seal*"), at 4 (Defendants' theory is "foreclosed by the decision of the Seventh Circuit in *Arreola*").) Even if Defendants' theory does contradict those cases, and even if every argument asserted in the Motion for Sanctions is correct, there has been no showing of a Rule 11 violation. The Motion for Sanctions is really just a memorandum in opposition to the Motion to Dismiss in disguise.

## CONCLUSION

For the foregoing reasons, and for the reasons explained in greater detail in Defendants' Memoranda regarding the Motion to Dismiss (Docs. 13, 17), Plaintiff's Motion for Sanctions should be denied.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County
/s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Il 60602
(312) 603-1422