IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOY VITIRITTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 C 7792 |
| ) | |
| THOMAS J. DART, Sheriff of Cook County, ) | |
| and COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Joy Vitiritti alleges that while pregnant and in the custody of the Sheriff of Cook County, she was shackled to her hospital bed during labor and after the delivery of her child, which took place in March 2007. She has filed suit against the Sheriff and Cook County under 42 U.S.C. § 1983, alleging that the shackling violated her constitutional rights.

Vitiritti filed her lawsuit in December 2009. The defendants have moved to dismiss on the ground that the suit is time-barred. A two-year limitations period applies to section 1983 actions in Illinois. *See Heilman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004).

It is undisputed that Vitiritti was a member of the putative class of plaintiffs in *Zaborowski v. Sheriff of Cook County*, Case No. 08 C 6946, which was filed in December 2008, well within two years after Vitiritti's claim arose. The caption and body of the complaint filed in *Zaborowski* stated that the suit was filed on behalf of a class of

similarly situated persons. The complaint made repeated reference to the Sheriff's "policies" relating to shackling pregnant women during labor and delivery. *Zaborowski* Compl. ¶¶ 8, 11, 12, 14 & 16. The complaint also stated that

> [p]laintiffs bring this action individually and for all women in the custody of defendant Sheriff who, in the two year period preceding the filing of this lawsuit, were shackled during labor and after delivery. The proposed class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and class certification is appropriate under Rule 23(b)(3).

*Id.* ¶ 19. The plaintiffs in the *Zaborowski* case, who are represented by the same lawyers who represent Vitiritti, filed their class certification motion on June 15, 2009. The judge presiding over the case denied class certification on December 9. 2009. Vitiritti filed the present lawsuit six days later, on December 15, 2009.

Defendants' motion to dismiss flies in the face of the Supreme Court's decision in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). In that case, the Supreme Court concluded:

> We conclude, as did the Court in *American Pipe* [& *Constr. Co. v. Utah*, 414 U.S. 538 (1984)], that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S., at 554. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

*Crown, Cork & Seal*, 462 U.S. at 353-54. Under *Crown, Cork & Seal*, the statute of limitations was tolled as to Vitiritti and all other unnamed members of the *Zaborowski* class from the date the suit was filed, December 4, 2008, through the date class certification was denied, December 9, 2009. At the time *Zaborowski* was filed,

2

three full months remained on the clock for Vitiritti, and she did not let that time run after class certification was denied in that case. Her claim is therefore timely.

The Sheriff did not acknowledge *Crown, Cork & Seal* in his opening brief. He cited *American Pipe* but argued that the triggering date for tolling was the date on which the plaintiff in the putative class action moved for class certification. That proposed rule was not supported by *American Pipe*, and it was directly contradicted by *Crown, Cork & Seal*, which says tolling starts when a class action is filed, not when class certification is sought.

When Vitiritti cited *Crown, Cork & Seal* in her response to the motion to dismiss, the Sheriff shifted ground rather significantly in his reply. He argued that the complaint in the *Zaborowski* case contained only "barebones class action allegations" and that this is not enough to trigger tolling of the statute of limitations for unnamed class members. Reply at 2, 3. But he cited no case that supports support such a rule (the cases he cited had nothing at all to do with the statute of limitations tolling issue involved in this case and in *Crown, Cork & Seal*, *see* Reply at 3-4). And the rule he proposes makes little sense, as it would create a fuzzy line rather than a bright one (what is a "barebones" class allegation?) and thus would lead directly to what the Supreme Court wanted to prevent in *Crown, Cork & Seal* – giving unnamed class members an incentive to file a separate action, resulting in "a needless multiplicity of actions – precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid." *Crown, Cork & Seal*, 462 U.S. at 351.

Even if the Sheriff's proposed rule made sense, Vitiritti's claim would not be time

barred, because the class-related allegations in *Zaborowski* cannot properly be classified as "barebones." As the Court has indicated, the plaintiffs in that case made it abundantly clear that the Sheriff's personnel who shackled the two *Zaborowski* plaintiffs were acting pursuant to official policies of the Sheriff. That, combined with the complaint's reference to Rule 23, amply put the Sheriff on notice that a class action was contemplated and thus that other suits might be coming if the Sheriff defeated class certification.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [docket no. 12]. The Court denies plaintiff's motion for sanctions [docket no. 19] for the reasons stated in open court on April 6, 2010. Defendants are directed to answer the complaint by no later than April 16, 2010.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 6, 2010