# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Joy Vitiritti, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CV 7792 |
| v. ) | |
| ) | Judge Matthew Kennelly |
| Thomas J. Dart, Sheriff of Cook ) | |
| County, and Cook County, Illinois ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants County of Cook and Sheriff Thomas Dart, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and answer Plaintiff's Complaint as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

ANSWER: Defendants admit the allegations contained in paragraph one.

2. Plaintiff Joy Vitiritti is a female resident of the Northern District of Illinois and is among the persons included with the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the residency of the Plaintiff. Defendants deny the remaining allegations contained in paragraph two.

3. Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

ANSWER: Defendants deny that Sheriff Dart has or had any individual knowledge of or personal interaction with the Plaintiff. Defendants admit the remaining allegations contained in paragraph three.

4. At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

ANSWER: Defendants deny the allegations contained in paragraph four.

5. Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

   a. Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.
   b. A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.
   c. A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

ANSWER: Defendants deny the allegations contained in paragraph five.

6. Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> Pregnant female prisoners. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

ANSWER: Defendants deny the allegations contained in paragraph six.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

   a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.
   b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

   ANSWER: Defendants deny the allegations contained in paragraph seven.

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

   ANSWER: Defendants deny the allegations contained in paragraph eight.

9. Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about December 11, 2006.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine.

10. Plaintiff was pregnant when she was admitted to the jail.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten.

11. On or about February 26, 2007, plaintiff was assigned to the Sheriffs "Mom's" program, a residential treatment program for pregnant and postpartum pre-trail [sic] detainees which is conducted outside of the Cook County Jail.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven.

12. On or about March 7, 2007, plaintiff was taken to Mt. Sinai Hospital for a medical appointment by a counselor from the Mom's program.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve.

13. Plaintiff was neither handcuffed nor otherwise restrained while being transported to the hospital.

ANSWER: Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph thirteen.

14. Plaintiff was admitted to the hospital on March 7, 2007 and was placed into a labor and delivery room at approximately 1:00 p.m. that day.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen.

15. As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot to the hospital bed.

ANSWER: Defendants deny the allegations contained in paragraph fifteen.

16. Plaintiff remained shackled in the labor and delivery room until March 13, 2007, when she gave birth.

ANSWER: Defendants deny the allegations contained in paragraph sixteen.

17. As required by defendant Dart's shackling policy, plaintiff remained shackled until about one hour before delivery.

ANSWER: Defendants deny the allegations contained in paragraph seventeen.

18. As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled the plaintiff's foot and hand to the hospital bed during her recovery after delivery.

ANSWER: Defendants deny the allegations contained in paragraph eighteen.

19. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

ANSWER: Defendants deny the allegations contained in paragraph nineteen.

## AFFIRMATIVE DEFENSES

1. The Plaintiff failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999) and *Pavey v. Conley*, 528 F.3d 494 (7th Cir. 2008).

2. Any injuries the Plaintiff may have incurred at the hands of the Defendants or any medical personnel were brought on by Plaintiff's own actions.

3. Plaintiff's cause of action is time-barred by the applicable statute of limitations. Plaintiff's cause of action accrued as late as March 13th, 2007 (Compl. ¶ 16.) The applicable statute of limitations for filing a §1983 lawsuit in Illinois is two years. *Heilman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). Plaintiff filed this action on December 15, 2009.

4. The plaintiffs in *Zaborowski*, who are represented by the same counsel as Plaintiff Vitiritti here, did not timely file for class certification. More than five and a half months elapsed between the filing of *Zaborowski's* Amended Complaint on January 28, 2009 and her Motion for Class Certification on June 15, 2009.

5.      The *Zaborowski* complaint did not commence a class action. The only class allegation in the *Zaborowski* amended complaint lies in paragraph 22: "The proposed class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and class certification is appropriate under Rule 23(b)(3)." *Zaborowski*, 08-cv-6946, (Doc. 13, ¶ 22). Neither complaint made sufficient class allegations to formally commence the class action. *See e.g.*, *In re Am. Med. Sys., Inc.* 75 F.3d 1069, 1079 (6th Cir. 1996) (conclusory repetition of the language of Rule 23(a) is insufficient to commence a class action); *Bostron v. Apfel*, 182 F.R.D. 188, 196 (D. Md. 1998) (plaintiffs must plead the existence of a class *and* allege sufficient facts to that effect); *Stambaugh v. Kansas Dep't of Corr.* 151 F.R.D. 664, 672 (D. Kan. 1993) (in order for a complaint to be considered a class-action complaint, it must allege facts sufficient to show satisfaction of Rule 23). Since there was no commencement of the class action prior to Plaintiff's cause of action expiring, there was no tolling of her statute of limitations. Had the amended complaint's language been sufficient, there would have been no need for the plaintiffs to file a 163-page motion and memoranda to certify the action as a class action.

6.      Plaintiff is not entitled to rely on the tolling doctrine of *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 350 (1983), because the class action she seeks to rely on (*Zaborowski v. Sheriff of Cook County*, 08-cv-6946, (N.D. Ill. Filed Dec. 4, 2008)) did not commence as a class action until June 15, 2009, after Plaintiff's statute of limitations expired. Defendants cited and then distinguished this doctrine in their first and second memoranda in support of their motion to dismiss. (*See* Doc. 13 at 3 (citing *United Airlines v. McDonald*, 432 U.S. 385 (1977) and *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974)); Doc. 17 at 2-4 (citing *American Pipe* and *Crown, Cork & Seal*).)

**7.**     *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 350 (1983) and its progenitor, *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553 (1974), are not at issue here. Those cases dealt with class-action-triggered statute of limitations tolling where it was assumed or held that the predicate class action had commenced, and had commenced timely. However, those cases offer no help in answering the preliminary question (the question at issue here): "*when* did the class action commence?" Neither *Crown, Cork & Seal* nor *American Pipe* stand for the proposition that a class action is automatically commenced by the filing of a complaint that contains only conclusory recitations of Rule 23's language.

**8.**     Neither the *Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (Torture Convention) nor the *International Covenant on Civil and Political Rights* (ICCPR) (as alleged in paragraph seven of the Complaint) create any legal obligations on the part of Defendants, nor any judicially enforceable rights for the Plaintiff, because neither treaty is self-executing. *See e.g.*, *Pierre* v. *Gonzales*, 502 F.3d 109, 119-120 (2nd Cir. 2007) (cited favorably by *Medellin v. Texas*, 552 U.S. 491, 522 n.12 (2008)) (holding that the Torture Convention is non-self-executing); *Clancy v. Geithner*, 559 F.3d 595, 604 (7th Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004)) (holding that the ICCPR is non-self-executing).

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any damages or attorney's fees.  Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of their Complaint and further requests that this Honorable Court grant Defendants' fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:    /s/ Patrick S. Smith
       Patrick S. Smith
       Assistant State's Attorney
       Deputy Supervisor
       Conflicts Counsel Unit
       69 W. Washington, 20th floor
       Chicago, Illinois 60602
       (312) 603-1422